Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
ANTHONY AYIOMAMITIS

# UNITED STATES DISTRICT COURT
# CENTRRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AYIOMAMITIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CREAMY W GROUP LLC, a Delaware limited liability company, individually, and doing business as "GREEKSCHANNEL.COM"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-02192-WLH-AFM<br>_Hon. Wesley L. Hsu Presiding_<br><br>**NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT CREAMY W GROUP, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF FRANK R. TRECHSEL, ESQ. IN SUPPORT THEREOF**<br><br>_([Proposed] Order; Declaration of Anthony Ayiomamitis Filed Concurrently Herewith)_<br><br>Date:       September 15, 2023<br>Time:       1:30 PM (PST)<br>Courtroom: First Street Courthouse<br>                   Courtroom 9B |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on September 15, 2023 at 1:30 p.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, Courtroom 9B, 9th Floor, Los Angeles, California 90012, Plaintiff Anthony Ayiomamitis will and hereby does request entry of default judgment against Defendant Creamy W Group, LLC., a Delaware limited liability company, individually and doing business as "Greekschannel.com" (collectively "Greeks Channel") This motion is made on the grounds that:

1. Greeks Channel was served with the Summons and Complaint on March 27, 2023, (*see* Dkt. 11), and has not responded to the Complaint or otherwise appeared in this action;

2. Default was entered by the Clerk against Greeks Channel as to Plaintiff's Summons and Complaint on June 7, 2023, (*see* Dkt. 16);

3. Greeks Channel is not an infant, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940 or the Servicemembers Civil Relief Act (*see,* Trechsel Decl. ¶4);

4. Plaintiff is now entitled to default judgment against Greeks Channel on account of the claims pleaded in the operative Complaint, namely copyright infringement (17 U.S.C. § 101 *et seq.*) and violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202).

5. Plaintiff seeks statutory damages for one instances of willful copyright infringement in the amount of Seventy-Five Thousand Dollars and No Cents ($75,000.00) per instance totalling $75,000.00;

6.    Plaintiff seeks statutory damages for one violation of the Digital Millennium Copyright Act (the "D.M.C.A.") in the amount of Twenty-Five Thousand Dollars and No Cents ($25,000.00);

7.    Under the Copyright Act (17 U.S.C. §101 *et seq.*) and the D.M.C.A. (17 U.S.C. § 1203), Plaintiff is entitled to recover costs incurred in this litigation, which amount to Four Hundred and Eighty-One Dollars and Zero Cents ($481.00);

8.    Plaintiff alleged that Defendant's infringement was willful in his complaint, that allegation must be taken as true given the default, and 17 U.S.C. 504(c)(2) allows for recovery of statutory damages of $30,000.00 - $150,000.00 per work in cases of willful infringement.

9.    Plaintiff is further entitled to reasonable attorney's fees (*see* 17 U.S.C. §101 *et seq.* and 17 U.S.C. § 1203), which amount to Five Thousand and Six Hundred Dollars and Zero Cents ($5,600.00); and

10.    Notice of the entry of default judgment and notice of this motion and the amount requested was served on Greek Channel on August 14, 2023, as required by Local Rule 55-1(e).

This Application is based on this Notice, the Memorandum of Points and Authorities, the declarations of Frank R. Trechsel, Esq. and Anthony Ayiomamitis, and the pleadings, file, and oral argument that may be presented at the hearing.

Respectfully submitted,

Dated: August 14, 2023    By:   */s/ Frank R. Trechsel*
                              Scott Alan Burroughs, Esq.
                              Frank R. Trechsel, Esq.
                              DONIGER / BURROUGHS
                              Attorneys for Plaintiff

# **TABLE OF CONTENTS**

I.     INTRODUCTION………………………………………………...1

II.    RELEVANT FACTS AND PROCEDURAL HISTORY…………………...2

III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER………………..4

IV.    DEFAULT JUDGMENT IS PROPER BECAUSE
       AYIOMAMITIS WOULD BE PREJUDICED IF HE WERE
       NOT ALLOWED TO RECOVER ON HIS LAWFUL CLAIMS
       OF INFRINGEMENT AND DMCA VIOLATIONS………………………..5

       A. Ayiomamitis would be prejudiced if his Motion for Default
          Judgment were denied…………………………………………...6

       B. Ayiomamitis's copyright infringement claims and DMCA
          claims are meritorious and sufficiently pled in the
          Complaint…………………………………………………………..6

              1. Claims of willful copyright infringement…………………7

              2. Claims for violations of the DMCA 1202(b)……………...8

       C. Ayiomamitis should not be denied the reasonable damages
          he would recover from Greeks Channel at trial……………………..10

       D. There is little possibility of a dispute concerning material
          facts………………………………………………………………10

       E. Greeks Channel's neglect in defaulting is not excusable…………..11

       F. Although the federal rules generally prefer decisions on the
          merits, Greeks Channel has made a decision on the merits
          impossible………………………………………………………...11

V.     AYIOMAMITIS SHOULD BE AWARDED STATUTORY
       DAMAGES OF $75,000 PER COPYRIGHT INFRINGEMENT
       AND A FURTHER $25,000 PER DMCA VIOLATION………………….12

       A. Ayiomamitis elects to recover statutory damages………………...12

B. A statutory award of $75,000 per work infringed is

reasonable…………………………………………………....13

C. A statutory award of $25,000 per violation of the DMCA

is reasonable……………………………………………………15

   1. Ayiomamitis would succeed in proving Greeks

     Channel's violations at trial…………………………...16

   2. Recovery of damages will prevent Greeks

     Channel's unjust enrichment………………………….17

   3. Statutory damages will deter future violations……………...17

VI. AYIOMAMITIS IS ENTITLED TO RECOVER COSTS IN

THE AMOUNT OF $481.00……………………………………18

VII. AYIOMAMITIS IS ENTITLED TO REASONABLE

ATTORNEYS' FEES………………………………………...18

VIII. CONCLUSION…………………………………………………19

Page(s)

Cases

*Aldabe v. Aldabe,*
  616 F.2d 1089 (9th Cir. 1980) ................................................................ 5
*Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.,*
  506 Fed. Appx. 550 (9th Cir. 2013).................................................... 14
*Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.,*
  259 F.3d 1186 (9th Cir. 2001) ..................................................... 13, 15
*Eitel v. McCool,*
  782 F.2d 1470 (9th Cir. 1986) ................................................................ 6
*Elektra Entertainment Group, Inc. v. Crawford,*
  226 F.R.D. 388 (C.D. Cal. 2005).......................................................... 14, 18
*Feist Publications, Inc. v. Rural Tel. Serv. Co.,*
  499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).......................... 7
*Harris v. Emus Records Corp.,*
  734 F.2d 1329 (9th Cir.1984) ................................................................ 13
*James v. Frame,*
  6 F.3d 307 (5th Cir. 1993) ................................................................ 18
*Joe Hand Promotions, Inc. v. Pollard,*
  2010 WL 2902343 (E.D. Cal. July 22, 2010) .................................................... 4
*L.A. Printex Industries Inc. vs. G&G Multitex, Inc.,*
  2010 WL 6648986 (C.D. Cal. Dec. 08, 2010) .................................................... 17
*Los Angeles News Service v. Reuters Television Intern, Ltd.,*
  149 F.3d 987 (9th Cir. 1998) ..................................................... 13, 15
*McClatchey v. Associated Press,*
  No. 3:05-cv-145, WL 1630261 (W.D.Pa. 2007) .................................................... 15
*Microsoft Corp. v. Nop,*
  549 F. Supp. 2d 1233 (E.D. Cal. 2008) ..................................................... 11, 12
*Nintendo of Am., Inc. v. Dragon Pac. Int'l,*
  40 F.3d 1007 (9th Cir. 1994) ................................................................ 14
*Peer Int'l Corp. v. Pausa Records, Inc.,*
  909 F.2d 1332 (9th Cir. 1990) ................................................................ 14
*PepsiCo, Inc. v. California Sec. Cans,*
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................................ 6
*Shaw v. Lindheim,*
  919 F.2d 1353 (9th Cir. 1990) ................................................................ 7
*Stevens v. Corelogic, Inc.,*
  899 F.3d 666 (9th Cir. 2018) ..................................................... 9, 10

*Swaim v. Moltan Co.*,
   73 F.3d 711 (7th Cir. 1996) ........................................................... 4

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ........................................................ 7

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ........................................................ 7

*Twentieth Century Fox Film Corp. v. Streeter*,
   438 F. Supp. 2d 1065 (D. Ariz. 2006) .............................. 7, 11, 18

*Warner Bros. Entm't Inc. v. Caridi*,
   346 F. Supp. 2d 1068 (C.D. Cal. 2004) ........................... 7, 11


Statutes


17 U.S.C. § 101 ............................................................................ 2, 3
17 U.S.C. § 106 .................................................................................. 8
17 U.S.C. § 410(c) ........................................................................... 10
17 U.S.C. § 504(c) ........................................................................... 11
17 U.S.C. § 504(c)(1) ................................................................. 13, 14
17 U.S.C. 504(c)(2) ............................................................. 3, 10, 12
17 U.S.C. § 505 ................................................................................ 18
17 U.S.C. § 1202 .......................................................................... 2, 8
17 U.S.C § 1202(b) ............................................................................ 9
17 U.S.C § 1202(b)(1) ....................................................................... 9
17 U.S.C. § 1202(b)(1)-(3) ............................................................... 8
17 U.S.C. § 1202(c)(2)-(3) ................................................................ 1
17 U.S.C. § 1203 ....................................................................... 3, 16
17 U.S.C. § 1203(b)(3) ..................................................................... 15
17 U.S.C. § 1203(b)(4) ..................................................................... 18
17 U.S.C. § 1203(c) ......................................................................... 11
17 U.S.C. § 1203(c)(3) ..................................................................... 16
17 U.S.C. § 1203(c)(3)(b) ................................................................ 15
17 U.S.C.A. § 1202(b)(1) ................................................................... 9


Other Authorities


L.R. 55-3 ............................................................................................ 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This motion concerns a case of copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") by Defendant Creamy W Group, LLC., doing business as "Greekschannel.com" (collectively "Greeks Channel") of an original photograph (the "Subject Photograph") of an ancient Greek artifact known as an Antikythera Mechanism.  The Subject Photograph is the work of Plaintiff Anthony Ayiomamitis who is renowned and critically acclaimed for taking photographs of famous Greek artifacts and locations. The Subject Photograph is registered with the United States Copyright Office. Declaration of Anthony Ayiomamitis ("Ayiomamitis Decl.") ¶ 3, Ex. 1; Complaint ¶ 11. Greeks Channel has been well aware of this action and yet has refused to defend itself in it. Through Greeks Channel's refusal to cooperate, Ayiomamitis' ability to determine the true scope of the infringement and to stop future infringements has been thwarted.

In or about February 2021, Ayiomamitis discovered that Greeks Channel was using and publishing images of the Subject Photograph after having removed and/or altered Ayiomamitis' copyright management information ("CMI")[1], and commercially exploited the Subject Photograph on its website without

---

[1] The Digital Millennium Copyright Act defines "copyright management information" ("CMI") as "...information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form..." Such information includes, in part, "(2) The name of, and other identifying information about, the author of a work" and "(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c)(2)-(3). In this instance, Greeks Channel removed any authorial information which can be found on all copies of the Subject Photograph on Ayiomamitis's website and instead falsely attributed authorship to "Guest User". Complaint ¶¶ 28-33 Exh. A; Ayiomamitis Decl. ¶¶ 4-7, 12, Ex. 2-4.

Ayiomamitis's authorization. Ayiomamitis Decl. ¶¶ 4-7, 12, Ex. 2-4. Greeks Channel exploited the Subject Photograph for commercial purposes, including, but not limited to, on its website at https://www.greekschannel.com. Ayiomamitis Decl. ¶ 7, Ex. 3. Ayiomamitis cannot be certain the exact date when Greeks Channel first began exploiting the Subject Photograph, due to Greeks Channel's refusal to engage in this litigation, however, the incorporation date of Greeks Channel listed on the secretary of state website for the state of Delaware lists May 17, 2018 so the post must have been made sometime after that date. Ayiomamitis Decl. ¶ 7, Ex. 3. Ayiomamitis cannot be certain of the profits derived from the illicit use, except that it was used without authorization. Had Greeks Channel participated in this litigation, Ayiomamitis believes he would have discovered this additional and essential information. Ayiomamitis Decl. ¶ 8.

As a result of Greeks Channel's disregard for the judicial system, Ayiomamitis now moves this Court to enter default judgment against Greeks Channel in the amount of $106,081.00. This amount includes $75,000.00 in statutry damages for copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, $25,000.00 in statutory damages for removal of CMI in violation of 17 U.S.C. § 1202, $481.00 in recoverable costs, and $5,600.00 in attorneys' fees as allowed by L.R. 55-3.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Ayiomamitis is owner of the Subject Photograph that is the subject of this lawsuit. The Subject Photograph was registered with the United States Copyright Office on or about July 14, 2018 under registration number VA 2-112-849. Ayiomamitis Decl. ¶¶ 2-3, Ex. 1. Ayiomamitis owns, holds, and maintains the copyright registrations in his entire catalog and licenses the photographs for certain commercial purposes, on a case-by-case basis. Ayiomamitis Decl. ¶ 9.

Ayiomamitis is informed and believes and thereon alleges that Greeks Channel had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph on Ayiomamitis's websites or social media profiles, on other sites online. Ayiomamitis Decl. ¶ 11. This is evidenced by the fact that exact unlawful duplications of the Subject Photograph is prominently displayed on Greeks Channel's website. Ayiomamitis Decl. ¶ 11. Through his investigation, Ayiomamitis was able to document images reflecting infringing exploitation of the Subject Photograph on Greeks Channel's website as sample images for one of Greeks Channel's products. Ayiomamitis Decl. ¶ 5-7, Ex. 2-3; Complaint ¶13, Exh. B. The article by Greeks Channel was about the subject of the photograph the Antikythera Mechanism and must have been posted sometime after the incorporation of Greeks Channel in May of 2018. Ayiomamitis Decl. ¶ 5-7, Ex. 2-3; Complaint ¶13, Exh. A. Ayiomamitis discovered the infringement in 2021 indicating that the article may have been published much later in 2020 or 2021, but certainly after Ayiomamitis registered the Subject Photograph. Ayiomamitis Decl. ¶ 7.

Greeks Channel also obtained, exploited, and published the Subject Photograph after removing and/or altering Ayiomamitis's CMI without Ayiomamitis's authorization or consent. Complaint ¶¶ 12-13, 28-33; Ayiomamitis Decl. ¶¶ 4-7, 12, Ex. 2-3. Ayiomamitis attempted to contact Greeks Channel starting in March 2021 in order to demand that Greeks Channel cease and desist its illegal exploitation of the Subject Photographs and for a complete accounting of all offending uses. Ayiomamitis Decl. ¶ 13. Greeks Channel never responded. Id.

As a professional photographer, Ayiomamitis invested heavily in the artistic and production processes for his photographs prior to licensing his work for publication or display, incurring costs associated with composing original artwork and producing quality prints. Ayiomamitis Decl. ¶ 14. Ayiomamitis further invests

heavily in the protection of his works, and has maintained a strict level of exclusivity in connection with those works, including the Subject Photograph. Ayiomamitis Decl. ¶ 15.

Not only was the Subject Photograph exploited by Greeks Channel, but Greeks Channel's unlawful exploitation has undercut Ayiomamitis's business. Ayiomamitis Decl. ¶ 16. Greeks Channel's refusal to cooperate in this litigation makes it impossible for Ayiomamitis to fairly recover from Greeks Channel's infringement of the Subject Photograph, rights to which are wholly owned and controlled by Ayiomamitis. Ayiomamitis Decl. ¶ 8. Greeks Channel was served with the Summons and Complaint on March 27, 2023 (*see* Dkt. 11) Declaration of Frank R. Trechsel ("Trechsel Decl.") ¶ 1. Greeks Channel did not respond in the correct form or otherwise appear in this action. Trechsel Decl. ¶ 2. On June 7, 2023, the Court entered default in favor of Plaintiff and against Greeks Channel (*see* Dkt. 16). Trechsel Decl. ¶ 3.

## III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER.

Ayiomamitis requested and received an entry of default against Greeks Channel and thus has no other course to pursue against this defendant except to move for default judgment.[2]

Entry of default judgment ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996); *see also Joe Hand Promotions, Inc. v. Pollard*, No. CIVS-09-03155MCEDAD, 2010 WL 2902343 (E.D. Cal. July 22, 2010); Fed. R. Civ. P. §55(b)(2). As the sum of judgment is not certain, Ayiomamitis must seek default judgment through the

---

[2] Greeks Channel was served with operative Complaint and Summons on March 27, 2023, (*see* Dkt. 11). To date, no response to the operative Complaint has been filed by Greeks Channel. The Clerk entered default against Greeks Channel on June 7, 2023 (*see* Dkt. 16).

Court rather than the Clerk. Fed. R. Civ. P. §55(b)(1), (2).

In the instant case, Ayiomamitis has vigorously pursued its case against Greeks Channel. Ayiomamitis has diligently attempted to notice Greeks Channel of this pending litigation, but Greeks Channel has failed to respond to the Complaint in the correct form or to participate in this litigation whatsoever. Trechsel Decl. ¶ 2. As the time for response has now lapsed, Ayiomamitis is left with no other action to enforce his intellectual property rights but to request a default judgment against Greeks Channel. Because all necessary procedural requirements have been met, the requested default judgment should be granted.

## IV. DEFAULT JUDGMENT IS PROPER BECAUSE AYIOMAMITIS WOULD BE PREJUDICED IF HE WERE NOT ALLOWED TO RECOVER ON HIS LAWFUL CLAIMS OF INFRINGEMENT AND DMCA VIOLATIONS

This is a straightforward case of copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") by Greeks Channel of Ayiomamitis's copyrighted photographs. Greeks Channel, with knowledge of Ayiomamitis's creation and ownership of the photography at issue, exploited said photography without the consent of Ayiomamitis. This is straightforward and willful copyright infringement.

Because it is unlikely that there would be any genuine dispute concerning the substantial similarity of the photographs and Greeks Channel's access to Ayiomamitis's Subject Photographs, or of its acts of removing Ayiomamitis's CMI and subsequently distributing such infringing uses, Ayiomamitis would be prejudiced if he was unable to prosecute his case and obtain the substantial amount of statutory damages he would likely recover at trial.

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may

consider various factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Greeks Channel.

## A. Ayiomamitis would be prejudiced if his Motion for Default Judgment were denied

Ayiomamitis has vigorously pursued his case and diligently attempted to notice Greeks Channel of this pending litigation. Rather than hiring counsel and attempting to properly litigate Ayiomamitis' infringement claims, Greeks Channel opted to simply default and hope that the judgment rendered by the Court would be lower than its potential legal fees. In the light of such flagrant misdeeds, to allow Greeks Channel to escape liability by ignoring Ayiomamitis and the judicial process would prejudice Ayiomamitis. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that if the plaintiff's motion for default judgment was not granted, plaintiff would be "without other recourse for recovery).

Further, Ayiomamitis has already incurred expenses in attempts to communicate with and serve Greeks Channel as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against Greeks Channel, Ayiomamitis would be prejudiced and without other recourse for recovery. Therefore, this factor favors default judgment against Greeks Channel.

## B. Ayiomamitis's copyright infringement claims and DMCA claims are meritorious and sufficiently pled in the Complaint.

Because the Complaint contains all necessary factual allegations for Ayiomamitis's copyright infringement claims and DMCA claims, and because such allegations must be taken as true now that Greeks Channel is in default, Ayiomamitis satisfies the second and third *Eitel* factors.

### 1. *Claims of willful copyright infringement*

For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by [defendant]"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Ayiomamitis is the owner of the copyrights in the Subject Photograph. Complaint ¶¶8-11; Ayiomamitis Decl., ¶¶ 2-3, 9. Courts have consistently held that "registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000). The Complaint alleges use of the Subject Photograph by Greeks Channel (Complaint ¶ 13, 14; Ex. A) and Greeks Channel's access to the Subject Photograph through Ayiomamitis' website, online publications and press features, and social media accounts.

Complaint ¶ 16. Greeks Channel's unauthorized reproduction and exploitation of the Subject Photograph are violations of the copyrights which Ayiomamitis owns. *See* 17 U.S.C. § 106.

Ayiomamitis also alleged that Greeks Channel's copyright violations were **<u>willful</u>** – that they were undertaken with reckless disregard for his rights. (Complaint ¶¶ 21, 27). And they clearly were given the verbatim copying and lack of consent, as evidenced from the images incorporated into the Complaint.

### 2. Claims for violations of the DMCA 1202(b)

When alleging a DMCA claim as set forth under section 1202(b), a plaintiff must show that the defendant acted in at least one of the following ways:

1) intentionally remove[d] or alter[ed] any CMI;

2) distribute[d] or import[ed] for distribution CMI knowing that the CMI has been removed or altered without authority of the copyright owner of the law, or

3) distribute[d], import[ed] for distribution, or publicly perform[ed] works, copies of works, or phonorecords, knowing that CMI has been removed or altered without authority of the copyright owner or the law,

Knowing, or,... having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b)(1)-(3).

In this action, Greeks Channel engaged in conduct that violates section 1202. Greeks Channel removed or altered CMI included in the Subject Photograph, including but not limited to the author's information, by providing no attribution in the article for the Subject Photograph. Complaint ¶¶ 28-33, Ex. A; Ayiomamitis

Decl. ¶¶ 4-7, 12, Ex. 2-3. This intentional, flagrant removal and false designation of authorship is clearly in violation of 17 U.S.C.A. § 1202(b)(1).

Greeks Channel then distributed the infringing image, which removed Ayiomamitis's CMI, online as the focal point and subject of their article, and displayed them on its website, without Ayiomamitis's permission or license, satisfying subsections (2) and (3). Complaint ¶¶ 12-14, 28-33. Ayiomamitis Decl. ¶¶ ¶¶ 4-7, 12, Ex. 2-3.

When considering a claim of DMCA violations concerning section 1202(b), "Both provisions [in 17 U.S.C § 1202(b)(1) and 1202(b)(3)]... require the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' infringement. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018), *cert. denied*, No. 18-878, 2019 WL 145253 (U.S. Feb. 19, 2019).

Here, it is apparent that Greeks Channel did not properly attribute Ayiomamitis' authorship to the photograph and instead did not attribute it to anyone. Complaint ¶ 28-33, Ex. A; Ayiomamitis Decl. ¶¶ 4-7, 12, Ex. 2-3. This can only have been done intentionally. The very nature of Greeks Channel's conduct—failing to attribute the photograph to anyone—points to deliberate behavior and full knowledge that its creation of the infringing images would " '...induce, enable, facilitate, or conceal' infringement." *Stevens*, 899 F.3d at 673. There is no good faith argument that can be made that the removal of one's identifying information could be done without knowledge. There is similarly no good faith argument to be made that the subsequent distribution of those photographs could be done without the understanding that such conduct was in the service of infringing an artist's copyright for commercial gain.[3] The removal of

---

[3] To the extent that such an argument could be made, Greeks Channel has waived its opportunity to make it by failing to appear in this Action.

Ayiomamitis's watermark or other authorial information suggests that Greeks Channel attempted to represent that it held some ownership or license in the Subject Photographs. *Id*.

***

Because the Complaint properly alleges the constituent elements of causes of action for copyright infringement and D.M.C.A. violations, the Complaint is sufficient. Ayiomamitis's meritorious claims and the sufficiency of the complaint weigh in favor of default judgment against Greeks Channel.

### C.     Ayiomamitis should not be denied the reasonable damages he would recover from Greeks Channel at trial

The damages Ayiomamitis requests, discussed further below, is a reasonable amount to which Ayiomamitis is entitled as the owner of all rights in and to the Subject Photograph. The financial incentive to steal proprietary photographs, alter CMI, and reproduce and use those photographs for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity. And, Greeks Channel's infringement was willful, which militates in favor of a judgment at the top end of the statutory scale. See 17 U.S.C. 504(c)(2)(allowing for recovery of statutory damages of $30,000.00 - $150,000.00 per work in cases of willful infringement). It is respectfully submitted that the coverable amount sought herein is reasonable and should be awarded.

### D.     There is little possibility of a dispute concerning material facts

As owner of a copyrighted work, Ayiomamitis enjoys a presumption of validity in its copyright. *See* 17 U.S.C. § 410(c). If Greeks Channel disputed this validity, it certainly would have appeared to defend itself in this litigation regarding a copyright infringement claim. As a reasonable dispute over this material issue is unlikely, this factor weighs in favor of default judgment against Greeks Channel.

### E. Greeks Channel's neglect in defaulting is not excusable

Because Greeks Channel was properly served with the Complaint, Greeks Channel's failure to respond in the correct form to this action cannot be due to excusable neglect. "A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). Greeks Channel has failed to appear in this action despite being properly served with the Complaint and thus has not "demonstrated a clear purpose to defend the suit." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) n1.

Because Greeks Channel has made no appearance in the correct form whatsoever, nor has it made any effort even to argue excusable neglect for its disregard of Ayiomamitis's claims and the judicial process, this factor weighs heavily in favor of default judgment.

### F. Although the federal rules generally prefer decisions on the merits, Greeks Channel has made a decision on the merits impossible

Greeks Channel's refusal to participate in this litigation has made a decision on the merits impossible; therefore, default judgment is appropriate. Courts have found that "in light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008). Because Greeks Channel failed to answer the Complaint, Ayiomamitis was deprived of the opportunity to conduct discovery to facilitate a decision on the merits. Because the Copyright Act and the DMCA allow statutory damages in lieu of actual damages (17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c)), recovery for Ayiomamitis is still

possible despite such recalcitrance from Greeks Channel. As discussed below, Ayiomamitis requests such allowable statutory damages. For these reasons, this factor heavily favors default judgment.

***

Application of the various *Eitel* factors to this case mandates the Court to exercise its discretion in ordering a default judgment against Greeks Channel.

## V.   AYIOMAMITIS SHOULD BE AWARDED STATUTORY DAMAGES OF $75,000 PER COPYRIGHT INFRINGEMENT AND A FURTHER $25,000 PER DMCA VIOLATION

Pursuant to Plaintiff's Complaint, Defendants are in default on and now liable for one act of copyright infringement. As such, Plaintiff is entitled to damages in the sum of at $75,000.00 (17 U.S.C. §504(c)(2)) per infringement for a total of $75,000.00. And $25,000.00 per DMCA violation under Section 1203 of the Copyright Act, for a total of $25,000.00. Before costs and attorneys' fees, Ayiomamitis seekt so recover statutory damages of $100,000.00.

### A.   Ayiomamitis elects to recover statutory damages

Greeks Channel failed to answer the Complaint and thus deprived Ayiomamitis of the opportunity to find out the full scope of Defendants' profits or continued use of the Subject Photograph through discovery in order to compute Plaintiff's actual damages. "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008).  Because Greeks Channel deprived Ayiomamitis of the opportunity to approximate actual damages resulting from Greeks Channel's infringement, Ayiomamitis elects to recover statutory damages.

Pursuant to the Copyright Act, the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of

actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "[If] infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984). Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages **whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant**." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)(emphasis added); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

In this case, Greeks Channel chose not to answer or otherwise respond to the Complaint, which alleged that Greeks Channel had willfully infringed Ayiomamitis's copyrights in his original photograph. Those allegations must be accepted as true, particularly given that Greeks Channel frustrated Ayiomamitis's ability to further establish actual damages and profit disgorgement. Statutory damages are therefore particularly appropriate in the present action.

**B.     A statutory award of $75,000 per work infringed is reasonable**

Ayiomamitis is the owner of the copyright in the Subject Photograph. Ayiomamitis Decl. ¶¶ 2-3, 9. Because Ayiomamitis's business depends on the protection of his copyrights, infringements like the one at issue are particularly troubling, particularly where it appears that a trial on the merits would reveal that Greeks Channel recklessly used Ayiomamitis's photographs without regard for his copyright—such that heightened statutory damages for willful infringement would be available.

Ayiomamitis seeks to recover $75,000.00 or **half** of the maximum statutory damages award allowed for willful infringement. 17 U.S.C. §§ 504(c)(1); *see Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). When determining an amount of statutory damages in the context of default judgment in a copyright infringement action, the Court is guided by "the nature of the copyright, the circumstances of the infringement and the … express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp.*, 909 F.2d at 1336 (9th Cir. 1990); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums.").

Furthermore, where the plaintiff has "pled that the defendants engaged in continuing willful infringement of its copyrights… the district court's default judgment includes an implied finding of willfulness." *Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. Appx. 550, 552 (9th Cir. 2013). Here, Ayiomamitis has established by presumption of willfulness by pleading that Greeks Channel "acts of copyright infringement were, and continue to be, willful, intentional and malicious." Complaint ¶ 21. This is further evidenced by the fact the that the infringing display of the Subject Photograph continues to this day, despite a cease and desist letter sent in 2021 and the initiation of this lawsuit. Ayiomamitis Decl. at 13.

And, crucially here, "when infringement is willful, the statutory damages award may be designed to **penalize the infringer and to deter future violations**." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994)(emphasi added; internal quotations marks, and citations omitted). Here, Greeks Channel must be penalized for failing to appear and must be strongly deterred from committing the type of willful infringement at issue. This requires

statutory damges near the top of the scale.

While Ayiomamitis may seek statutory damages of up to $150,000.00 for each work infringed, he seeks to recover reasonable damages in the amount of $75,000.00 for Greeks Channel's exploitation of the Subject Photograph.

Given the act of willful infringemt at issue and the fact that the requested statutory damages amount is within the statutorily prescribed range, Ayiomamitis' request is reasonable and should be granted in order to vindicate his claims for copyright infringement.

## C.   A statutory award of $25,000 per violation of the DMCA is reasonable

The D.M.C.A. sets forth that "[a]t any time before final judgment is entered, a complaining party may elect to recover an award of statuory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(b)(3). Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

As such, Ayiomamitis seeks to recover $25,000 for each of Greeks Channel's violations of the DMCA (i.e. the removal of Ayiomamitis's copyright management information, and the addition of false CMI). 17 U.S.C. 1203(c)(3)(b). Further, in determining statutory damages, "Congress has determined that in order to deter violations of the DMCA, plaintiffs electing statutory damages may receive a windfall." *McClatchey*, 2007 WL 1630261, at *6. (Order Granting Defendant's Motion in Limine seeking a legal determination, involving the calculation of

damages under DMCA 17 U.S.C. § 1203.) The Court continues, "the term 'each violation' [as set forth in 17 U.S.C. § 1203(c)(3)] is best understood to mean 'each violative act performed by Defendant.' Thus, [Defendant] would violate the DMCA each time it wrongfully distributed a photograph to its subscribers." *Id*.

Here, Greeks Channel not only published the Subject Photograph on its website, in willful violation of Ayiomamitis's copyrights, but also removed Ayiomamitis's CMI. Complaint, ¶¶ 5, 12, 21, 28-33, Ex. A. Greeks Channel's repeatead, blatant, violation of Ayiomamitis's rights, with removal of Ayiomamitis's CMI reflects Greeks Channel's willfulness and establishes that maximum statutory damages are appropriate.

Because the requested statutory damages amount are within the statutorily prescribed range, and Greeks Channel is assuredly liable for a willful violation, Ayiomamitis' request is not unreasonable and should be granted in order to vindicate its claims of DMCA violations.

### 1. *Ayiomamitis would succeed in proving Greeks Channel's violations at trial*

This amount is reasonable in light of Greeks Channel's infringement of Ayiomamitis' Subject Photograph as part of its business promoting its travel package products. Furthermore, Greeks Channel blatantantly removed Ayiomamitis' CMI in its unauthorized commercial exploitation of Ayiomamitis' Subject Photograph. As discussed above, Ayiomamitis's infringement claims and DMCA claims are apparent and he would have been able to prove them at trial. An infringer, like Greeks Channel, should not be unjustly enriched for its refusal to take responsibility for its unlawful actions. Thus, awarding Ayiomamitis anything less than the amount requested here would effectively reward Greeks Channel's refusal to cooperate in this litigation and encourage other defendants to follow suit.

## 2. *Recovery of damages will prevent Greeks Channel's unjust enrichment*

In essence, the Copyright Act provides that no party should profit from the unauthorized use of a proprietary work. Unfortunately, Greeks Channel's default prevents Ayiomamitis from uncovering exactly how much was earned by Greeks Channel in connection with its exploitation of the Subject Photograph—damages that would fall on Greeks Channel's shoulders to pay should Ayiomamitis recover at trial.

Moreover, Greeks Channel's default prevents Ayiomamitis from obtaining a jury verdict against it for $75,000.00 in statutory damages per infringement and $25,000.00 in statutory damages per DMCA violation. Ayiomamitis's counsel has successfully attained a statutory damages awarded for $75,000.00 in other cases. *See, e.g., L.A. Printex Industries Inc. vs. G&G Multitex, Inc.*, Case No. 09-CV-03812, 2010 WL 6648986 (C.D. Cal. Dec. 08, 2010) (jury verdict for $150,000.00 in statutory damages against Defendant who claimed only a few thousand in profits).The availability of a substantial statutory damage award against Greeks Channel exists even if its profits were relatively small.

If Greeks Channel had participated in this litigation it would likely have faced significant damages for its copyright infringement and DMCA violations, plus costs of litigation for itself and Ayiomamitis. It stands to be unjustly enriched by anything less than an award of statutory damages in the amount of $25,000.00 per violation, given Greeks Channel's blatant and reckless disregard for its actions in removing an author's CMI, and failing to cooperate with judicial system.

## 3. *Statutory damages will deter future violations.*

Finally, an award of both $75,000.00 and $25,000.00 per violation will serve as an effective deterrent for those like Greeks Channel who seek to profit from the work of others. Individual artists and creators producing high quality work will not

be able to survive if their competitive advantage—namely, their intellectual property and CMI—can be removed or altered without serious consequence. The financial incentive to steal proprietary artwork from individuals and exploit it for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity.

## VI.    AYIOMAMITIS IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $481.00.

Under the Copyright Act and the DMCA, a prevailing copyright owner may recover full costs. 17 U.S.C. § 505; 17 U.S.C. § 1203(b)(4); *see also Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) (awarding full costs to Plaintiff in default judgment for copyright infringement action). "An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations." *Twentieth Century Fox Film Corp.*, 438 F.Supp.2d at 1075. Ayiomamitis requests to recover $481.00 in litigation costs it incurred in this case. *See* Trechsel Decl. ¶ 6.

## VII.   AYIOMAMITIS IS ENTITLED TO REASONABLE ATTORNEYS' FEES.

In addition to costs, a prevailing copyright owner may also recover reasonable attorneys' fees under the Copyright Act. 17 U.S.C. § 505; 17 U.S.C. § 1203(b)(4). Ayiomamitis requests to recover these fees by this Court's default judgment.

A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. § 505. Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). In the Central District, the Court can even

award an amount greater than that calculated under the schedule of attorney fees for default cases. *See* Local Rule 55-3.

In this case, because Ayiomamitis seeks a total default judgment of $100,000.00 in statutory damages for copyright infringement and statutory damages for DMCA violations combined, Local Rule 55-3 provides an additional attorney's fee award of $5,600.00. Thus, Ayiomamitis requests an award of $5,600.00 to cover reasonable attorneys' fees. *See* Trechsel Decl. ¶ 5.

## VIII. CONCLUSION

Based on the foregoing, Ayiomamitis respectfully requests that the Court enter a default judgment against Greeks Channel and in favor of Ayiomamitis awarding statutory damages for copyright infringement in the amount of $75,000.00 in statutory damages under Section 504 of the Copyright Act and $25,000.00 in damages under Section 1203 of the Copyright Act, as well as attorneys' fees in the amount of $5,600.00, and costs in the amount of $481.00. In sum, Ayiomamitis respectfully seeks a judgment in the amount of **$106,081.00** against Greeks Channel.


Respectfully submitted,

Dated:  August 14, 2023          By:     /s/ *Frank R. Trechsel*
                                         Scott Alan Burroughs, Esq.
                                         Frank R. Trechsel, Esq.
                                         DONIGER / BURROUGHS
                                         Attorneys for Plaintiff


The undersigned, counsel of record for Anthony Ayiomamitis, certifies that this brief contains 5,406 words, which complies with the word limit of L.R. 11-6.1


Dated: August 14, 2023          By:     /s/ *Frank R. Trechsel*
                                         Frank R. Trechsel, Esq.

# <u>DECLARATION OF FRANK R. TRECHSEL, ESQ.</u>

I, Frank R. Trechsel, Esq., am an attorney at Doniger / Burroughs, which represents Plaintiff Anthony Ayiomamitis ("Ayiomamitis") in this action. I have personal knowledge of each of the following facts stated in this declaration:

1. My firm caused this lawsuit to be filed against Defendant Creamy W Group, LLC., a Delaware limited liability company, individually and doing business as "GreeksChannel.com"; ("Greeks Channel"), which was served on March 27, 2023 (*see* Dkt. 11).

2. Although Greeks Channel was served with the Summons and Complaint, it has not responded in the correct form or otherwise appeared in this action.

3. On June 7, 2023, the Court entered default in favor of Plaintiff and against Greeks Channel (*see* Dkt. 16).

4. To my best knowledge, Greeks Channel is not a minor, incompetent, or in military service.

5. Pursuant to Local Rule 55-3, Plaintiff seeks attorneys' fees in the amount of $5,600.00 in connection with the pursuit of Plaintiff's claims against Greeks Channel.

6. Plaintiff has incurred at least $481.00 in litigation costs, including in connection with the service of process on Greeks Channel.

7. My office caused a copy of Plaintiff's request for default and a copy of this motion to be mailed to Greeks Channel on August 14, 2023.

I solemnly swear and declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct.

Dated: August 14, 2023     By:  */s/ Frank R. Trechsel*
                                 Frank R. Trechsel, Esq.
                                 Declarant