UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AYIOMAMITIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CREAMY W GROUP LLC, a Delaware limited liability company, individually, and doing business as "GREEKSCHANNEL.COM"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-02192-WLH-AFM<br><br>**ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CREAMY W GROUP, LLC [19]** |

Before the Court is Plaintiff Anthony Ayiomamitis's ("Plaintiff") Motion for Default Judgment (the "Motion") against Defendant Creamy W Group, LLC ("Defendant"). (Docket No. 19). For the reasons set forth below, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

**A.    Factual Background**

Plaintiff, a photographer of Greek artifacts, created and owns the copyright in the

photograph at issue in this case (the "Photograph"). (Compl., Docket No. 1 ¶ 8). Plaintiff registered the Photograph with the United States Copyright Office, effective July 14, 2018. (*Id.* ¶ 11). In February of 2021, Plaintiff discovered that Defendant had published the Photograph on its website, GreeksChannel.com, in connection with an article regarding the artifact in the Photograph. (*Id.* ¶ 14; Decl. of Anthony Ayiomamitis ("Ayiomamitis Decl."), Docket No. 19-1 ¶ 5). The article did not attribute the Photograph to Plaintiff, and Plaintiff's copyright management information ("CMI") had been removed from the Photograph. (Compl. ¶¶ 30–32).

### B. Procedural History

On March 23, 2023, Plaintiff filed a Complaint against Defendant and Does 1-10. (Compl.). Plaintiff effectuated service of process on Defendant's Managing Agent on March 27, 2023. (Proof of Serv., Docket No. 11). Defendant failed to appear and defend the action, and, on June 7, 2023, the clerk entered Defendant's default. (Default by Clerk, Docket No. 16). Plaintiff then moved for default judgment against Defendant. (Mot., Docket No. 19).

Plaintiff now asks the Court to enter default judgment against Defendant in the amount of $106,081. (*Id.* at 2). That amount includes statutory damages of $75,000 under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; $25,000 under the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1203; $481 in costs; and $5,600 in attorney's fees. (*Id.*).

## II. DISCUSSION

A court may enter default judgment upon a party's application when the defendant fails to defend itself and the clerk has entered default. Fed. R. Civ. P. 55. Generally, once the court clerk enters default, all factual allegations in the complaint—except those relating to the damages amount—are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A party moving for default judgment in this district must comply with the

2

procedural requirements of both Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1. If the party satisfies those procedural requirements, the court must determine whether default judgment should be granted by considering: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute as to any material facts; (6) whether default resulted from excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471−72 (9th Cir. 1986). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiff has satisfied the procedural requirements for default judgment (*see* Mot. at ii), and, as set forth below, the *Eitel* factors. First, Plaintiff will suffer prejudice absent default. Without default judgment, Plaintiff will be denied his right to a remedy due to Defendant's failure to participate in the judicial process.

Second and third, Plaintiff's claims are meritorious, and the Complaint is sufficiently pled. To plead a claim of copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). Taking the allegations of the Complaint as true, Plaintiff is the registered owner of the copyright in the Photograph, and Defendant copied the Photograph directly—minus Plaintiff's CMI—when it posted the Photograph on its website. (Compl. ¶ 11; Exh. A to Compl., Docket No. 1-1). Plaintiff therefore sufficiently pleads his copyright infringement claim. As to Plaintiff's second claim, a plaintiff may plead a DMCA violation by showing that the defendant "intentionally remove[d] or alter[ed] any copyright management information" or "distribute[d] … copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or

3

the law." 17 U.S.C. § 1202(b). Plaintiff alleges that Defendant intentionally removed Plaintiff's CMI from the Photograph before displaying the Photograph on its website. (Compl. ¶¶ 30–33). Therefore, the Complaint also sufficiently pleads the DMCA claim.

Fourth, the sum of money at stake is large. The Copyright Act allows for statutory damages of up to $150,000 for willful infringement. 17 U.S.C. § 504(c)(2). Here, Plaintiff seeks $75,000 for willful infringement, or half of the maximum allowable damages under the Copyright Act. (*See, e.g.*, Mot. at 19). The DMCA provides for statutory damages of $2,500 minimum and $25,000 maximum for violations of § 1202. 17 U.S.C. § 1203(c)(3)(B). Here, Plaintiff requests the maximum of $25,000 in damages under the DMCA. Because Plaintiff's requested damages are within the range prescribed by statute, however, and because the Court does not intend to award Plaintiff the full amount he seeks, this factor does not prevent entry of default judgment.

Fifth, the possibility of disputed material facts is improbable as Defendant was served with the Complaint almost nine months ago and still has not appeared in the case. Moreover, as discussed above, the Court must take the facts of the Complaint as true in evaluating a default judgment motion.

Sixth, it is unlikely that the default resulted from excusable neglect. Defendant's Managing Agent was personally served with the Summons and Complaint. (Proof of Serv.).

Seventh, though cases should be decided on their merits where possible, such preference must give way when it is not reasonably possible to reach such a decision. *See, e.g.*, *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-03594 JSW, 2007 WL 1545173, at *13 (N.D. Cal. May 29, 2007). Because Defendant has declined to engage in the judicial process, as discussed above, default judgment is appropriate here.

## III. REMEDIES

Plaintiff requests statutory damages of $75,000 under the Copyright Act and $25,000 under the DMCA, as well as costs and attorney's fees.

### A. Damages Under the Copyright Act

Under the Copyright Act, a copyright owner may elect to recover either "(1) the copyright owner's actual damages and any additional profits of the infringer ... or (2) statutory damages." 17 U.S.C. § 504(a). Plaintiff here has elected to recover statutory damages. (Mot. at 2). "'Statutory damages are intended as a substitute for profits or actual damage,' and should not provide copyright owners a windfall." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1271 (9th Cir.), *cert. denied*, 142 S. Ct. 343 (2021) (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 520 (9th Cir. 1985)); *see also Star Fabrics Inc. v. Karma*, No. 2:17-CV-03693-SVW-E, 2017 WL 6513650, at *3 (C.D. Cal. Dec. 19, 2017) ("Statutory damages should be proportional to the damages suffered by the copyright holder."). A district court has "wide discretion in setting the amount of statutory damages under the Copyright Act," *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994), but should consider

> (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant."

*Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008) (quoting *Tiffany (NJ) Inc. v. Luban,* 282 F. Supp. 2d 123, 125 (S.D.N.Y.2003)).

Because Defendant has failed to participate in this action, it is impossible to calculate the expenses saved or profits reaped from the infringement. For his part,

however, Plaintiff has provided no information regarding the revenues he lost or the value of the copyright. Thus, the Court finds that an award of $75,000, or half the statutory maximum, is excessive.

Nevertheless, Plaintiff specifically pleads that Defendant's conduct was willful, as evidenced by Defendant's removal of Plaintiff's CMI from the Photograph. The Court finds that an award of $30,000 is enough to sanction Defendant's willful conduct and deter future infringement. *Cf. Loiseau v. Reel Network LLC*, No. 2:17-CV-08998-SVW-SS, 2018 WL 6039834, at *4 (C.D. Cal. July 26, 2018) (on default judgment, awarding $30,000 for willful infringement); *Star Fabrics, Inc. v. Zappos Retail, Inc.*, No. 13-CV-00229-MMM-MRWX, 2013 WL 12123687, at *7 (C.D. Cal. Sept. 10, 2013) (same).

### B. Damages Under the DMCA

As discussed above, Plaintiff seeks the statutory maximum of $25,000 for Defendant's DMCA violation. "Assessment of an appropriate award under the DMCA mirrors the parallel inquiry under the Copyright Act." *Goulet v. Oculus Architecture Ltd.*, No. 8:18-CV-01475-JLS-JDE, 2019 WL 7841926, at *5 (C.D. Cal. Sept. 5, 2019) (citing *Reno-Tahoe Specialty, Inc., v. Mungchi, Inc.*, No. 2:12-CV-01051-GMN-VC, 2014 WL 7336082, at *11 (D. Nev. Dec. 19, 2014)). For the same reasons Plaintiff's requested damages under the Copyright Act are excessive, a maximum award is excessive in this case. The Court finds that an award of $7,500 is enough to deter Defendant's conduct. *See id.*

### C. Costs and Attorney's Fees

Both the Copyright Act and the DMCA allow a prevailing plaintiff to recover reasonable costs and attorney's fees. 17 U.S.C. § 505; 17 U.S.C. § 1203(b)(4)–(5). Plaintiff seeks to recover $481.00 in litigation costs it incurred in this case, which the Court grants.

Attorney's fees awards on default judgment are calculated according to Local

Rule 55-3 and are based on the plaintiff's total recovery, exclusive of costs. Here, Plaintiff has been awarded a total judgment of $37,500. According to Local Rule 55-3, Plaintiff is entitled to attorney's fees of $1,200, plus 6% of the amount over $10,000, for a total of $2,850.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED** as follows:

1. Judgment shall be entered in favor of Plaintiff Anthony Ayiomamitis against Defendant Creamy W Group LLC in the total amount of $37,500 in statutory damages under the Copyright Act and the DMCA, plus $2,850 in attorney's fees and $481 in costs; and

2. All pretrial and trial dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**

Dated: December 28, 2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE